UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE WEGERS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant Bernard Ortman's motion to reconsider (Dkt. No. 357) the Court's denial of his motion for a bill of particulars as to Count 3 of the original indictment (Dkt. No. 351). Having considered the papers submitted by Defendant on his motion for reconsideration, the original and superseding indictments, and the papers submitted by the parties on Defendant's original motion, the Court GRANTS Defendant's motion for reconsideration but DENIES the underlying motion for a bill of particulars.

## I.　　Motion for Reconsideration

Defendant Ortman filed his motion for a bill of particular as to Count 3 of the original indictment on August 4, 2005 (Dkt. No. 247). Count 3 alleged a conspiracy to tamper with a witness identified as "G.B.," and to discourage other Bandidos from discussing with federal investigators the alleged

ORDER – 1

kidnaping of "S.S." (*See* Dkt. No. 1, at 9–11.) Ortman argued that this count was so lacking in substance and detail that he could not prepare a defense, and specifically that the government named him as a co-conspirator but failed to allege that he had engaged in any overt acts in furtherance of the conspiracy.

On September 1, 2005, before the Court ruled on Ortman's motion, the government filed a First Superseding Indictment ("FSI") that represented a substantial revision and augmentation of the original indictment. In the FSI, Ortman is one of twenty-eight defendants and is charged in five of the thirty-six counts. The allegations in Count 3 of the original indictment were reorganized into two separate counts in the FSI: the conspiracy to tamper with witness "G.B." was recaptioned as Count 8, while the conspiracy to discourage cooperation with federal investigators was recaptioned as Count 6. (*See* FSI 18–20.) On September 12, 2005, the Court entered a minute order denying Ortman's motion, finding that his motion was moot because he was no longer named in Count 8 of the FSI. (*See* Dkt. No. 351.)

Under Local Rule CrR 12(c)(11)(A), the Court will grant motions for reconsideration only on a showing of manifest error in the prior ruling. Ortman timely filed his motion, and argues that reconsideration is warranted here notwithstanding the fact that he is no longer named in Count 8, because he remains a named co-conspirator in Count 6. He further argues that the government has still failed to allege that he engaged in any overt acts in furtherance of that conspiracy, and therefore that he remains unable to prepare a defense to these charges.

The Court agrees that Count 6 of the FSI is substantially similar to Count 3 of the original indictment, and therefore that the FSI did not render moot the bases for Ortman's original motion for a bill of particulars. Accordingly, the Court GRANTS Ortman's motion for reconsideration.

ORDER – 2

## II. Motion for Bill of Particulars

Having granted Defendant's motion for reconsideration, the Court will adjudicate Ortman's original motion for a bill of particulars on the merits, as applied to Count 6 of the FSI. The decision to order a bill of particulars under Federal Rule of Criminal Procedure 7(f)[1] is entrusted to the sound discretion of the trial court. *Wong Tai v. United States*, 273 U.S. 77 (1927). The purpose of a bill of particulars is threefold: (1) to inform the defendant of the nature of the charges against him, (2) to minimize the danger of surprise at trial, and (3) to permit the defendant to assert double jeopardy as a defense when appropriate. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991). An indictment complies with Rule 7 so long as it "state[s] the essential facts constituting the offense charged," even if it "allege[s] that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means." *United States v. Markee*, 425 F.2d 1043, 1047–48 (9th Cir. 1970). A defendant may not seek a bill of particulars to circumvent the scope of discovery permitted under the Federal Rules of Criminal Procedure, nor may he seek a bill simply as a discovery device. *See* 24 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 607.07[1], at 607-45 (3d ed. 2005) (citing *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960)). Indeed, a bill of particulars is not necessary if a conspiracy indictment provides sufficient information about the government's theory of the case and the defendant is given significant discovery opportunities. *See Markee*, 425 F.2d at 1048.

The FSI alleges that Ortman is the president of the Missoula chapter of the Bandidos and reports directly to national president Wegers. (FSI 6.) He is further described as occupying a position of "significant authority and control" ("a trusted lieutenant in the enterprise"), and as responsible for preventing rival biker gangs from establishing themselves in Montana. (*Id.*) And in Count 6, Ortman is

---

[1] Rule 7(f) provides, in relevant part: "The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." In this case, Defendant filed his motion on August 4, 2004—41 days after the arraignment—and did not seek the Court's permission to file his motion late until he embedded a request in his reply brief. The Court nonetheless GRANTS Defendant's leave to file the motion late and will consider the motion on its merits.

ORDER – 3

charged under 18 U.S.C. §§ 1512(b)(3) and 1512(k) as a member of a conspiracy to "hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. §§ 1512(b)(3); (*see* FSI 18–19.) Although Ortman is named as a member of the alleged conspiracy to discourage cooperation with the investigation of the kidnaping of S.S., he is not alleged to have committed any overt acts in furtherance of that conspiracy. (*See* FSI 18–19.)

The government asserts, correctly, that Count 6 of the FSI is sufficiently detailed because the conspiracy section of the relevant statue, 18 U.S.C. § 1512(k), does not require an overt act in furtherance of the conspiracy. *See United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981) ("Courts do not require as detailed a statement of an offense's elements under a conspiracy count as under a substantive count."); *see also United States v. Shabani*, 993 F.2d 1419, 1420 (9th Cir. 1993) ("The plain language of [the statute] does not mention an overt act. When we have interpreted other conspiracy statutes that are silent on the subject, we have held that proof of an overt act is unnecessary."), *rev'd on other grounds*, 513 U.S. 10 (1994).

Moreover, the government has provided Ortman with access to voluminous discovery materials, including the search warrant pleadings, wiretap pleadings, and all audio recordings (both wiretap and consensual). (*See* Pl.'s Opp'n 5 & Ex. A.)

The Court's decision here is driven by the language of the charging statute and the level of detail found within the FSI and Count 6 in particular, as well as the extensive discovery opportunities extended to Defendant and the continuing discovery process in this case. Under these circumstances, the Court cannot find at this stage of the case that Count 6 of the FSI is insufficiently informative to provide Defendant with adequate notice of the nature and cause of the conspiracy charge against him.

ORDER – 4

Accordingly, Defendant's motion for reconsideration is GRANTED and Defendant's motion for a bill of particulars as to Count 6 of the FSI is DENIED.

SO ORDERED this 11th day of October, 2005.

*/s/ John C. Coughenour*

UNITED STATES DISTRICT JUDGE

ORDER – 5