UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD ORTMAN,<br><br>    Defendant. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant Bernard Ortman's motion under Federal Rule of Civil Procedure 41(g) for the return of property. (Def.'s Mot. for Return of Property (Dkt. No. 1097).) Having considered the papers submitted by the parties in light of the complete record in this case, and finding an evidentiary hearing unnecessary, the Court hereby GRANTS IN PART AND DENIES IN PART the motion, as follows:

Defendant Ortman moves for a return of two types of property: several firearms which were seized from his residence, and Banditos paraphernalia, including a leather jacket and his club colors ("patches"). (Def.'s Mot. 2.) Under Rule 41(g), a defendant's motion for the return of legitimately seized property may be denied "if the defendant is not entitled to lawful possession of the seized property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991). However, a

ORDER – 1

defendant "is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show that it has a legitimate reason to retain the property." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

With respect to the Bandito paraphernalia, the government does not argue that it has any further evidentiary need for such items, but rather that Defendant Ortman's specialized conditions of supervised release justify retaining the items in the government's possession. (Pl.'s Opp'n 2.) The language of the restriction, however, prevents Defendant Ortman from *wearing* the Banditos paraphernalia. It does not state that Defendant Ortman may not *possess* these materials. This distinction is not trivial, as the rationale behind the restriction was to prevent the Defendant from actively affiliating with the Banditos and preventing him from putting himself out to the world as an active member of the club. The restriction does not prevent Defendant Ortman from keeping these items in his possession for any sentimental value so long as the items are not worn or otherwise publically displayed in a similar fashion.[1] Accordingly, the government has not met its burden of demonstrating it has a legitimate need to retain the property and these items must be returned.

Defendant Ortman also seeks to have certain firearms that he owned transferred to his son's ownership and custody. (Def.'s Mot. 3.) The Court has already denied a similar motion by Defendant Garman in this case. (Dkt. No. 1078.) Defendant Ortman argues that this case is different than Defendant Garman's previous motion because his son will take full ownership of the weapons rather than acting as a third-party custodian. (Def.'s Mot. 3.) Because of Ortman's close relationship with his son, the situation Ortman proposes would be nearly identical to the "constructive possession" previously ruled on. Thus, for the same reasons as stated in the Court's August 2, 2006 Order, Defendant Ortman is not entitled to have the seized property transferred to his son.

---

[1] Defendant Ortman has also indicated that he is willing to have any patches professionally removed prior to wearing his leather jacket. (Def.'s Mot. 1.) The Court finds this solution appropriate with respect to the jacket.

ORDER – 2

Accordingly, it is hereby ORDERED that:

1) Defendant Ortman's Banditos Motorcycle Club paraphernalia must be returned to him.

2) Defendant Ortman's firearms will remain in government custody.

DATED this 17th day of November, 2006.

/s/ John C. Coughenour
John C. Coughenour
United States District Judge

ORDER – 3